IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-2938-PAB-KMT

J & J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the
November 13, 2010, Pacquaio/Margarito Broadcast,

      Plaintiff,

v.

SIXTA VALDOVINES, Individually, and as officer, director, shareholder, and/or
principal of El Imperio LLC, d/b/a El Imperio, and
EL IMPERIO LLC, d/b/a El Imperio,

      Defendants.

---

## ORDER

---

      This matter is before the Court on plaintiff's Motion for Default Judgment [Docket No. 14].

      Plaintiff seeks default judgment against defendant El Imperio LLC.  In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55:  first, plaintiff must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667,

at *1 (D. Colo. Mar. 6, 2008).[1]  Because El Imperio "failed to plead or otherwise

defend," plaintiff moved for entry of default on February 2, 2012.  *See* Docket No. 12.

The Clerk of the Court filed an entry of default on February 6, 2012.  *See* Docket No.

13.[2]  Plaintiff filed the present motion that same day, thus complying with the mandatory

two-step process.

      The decision to enter default judgment is "'committed to the district court's sound

discretion . . . .'"  *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting

*Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir.

1997)).  When exercising that discretion, the Court considers that "[s]trong policies

favor resolution of disputes on their merits."  *Ruplinger v. Rains,* 946 F.2d 731, 732

(10th Cir.1991) (quotations marks and citations omitted).  "The default judgment must

normally be viewed as available only when the adversary process has been halted

because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against

"interminable delay and continued uncertainty as to his rights."  *Id.* at 733.  El Imperio

has not sought relief from the entry of default, responded to the motion for default

judgment, or otherwise attempted to participate in this litigation.  In this case, El

Imperio's failure to respond has thwarted the ability of the Court to resolve the matter

on the merits.

---

[1]Failure to successfully complete the first step of obtaining an entry of default
necessarily precludes the granting of default judgment in step two.  *See Williams*, 1995
WL 365988, at *1; *Nasious*, 2008 WL 659667, at *1.

[2]Due to a bankruptcy stay, the entry of default was invalid as to defendant Sixta
Valdovines.  The Court, therefore, will deny plaintiff's motion for default judgment to that
extent.

Upon the entry of default, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). Plaintiff alleges that it had acquired the right to distribute the broadcast of a professional boxing match scheduled for November 10, 2010 (the "Broadcast"). *See* Docket No. 1 at 4, ¶ 20. "The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal." *Id.* Plaintiff then entered into agreements with Colorado establishments that permitted them to publicly exhibit the Broadcast. *See id.* ¶ 21. El Imperio "unlawfully intercepted, received and/or de-scrambled [the] satellite signal, and . . . exhibit[ed] the Broadcast . . . at the time of its transmission willfully and for purposes of . . . financial gain." *Id.* at 5, ¶ 23.

Plaintiff asserts claims against El Imperio pursuant to the Federal Communications Act ("FCA"), *see* 47 U.S.C. §§ 553 (relating to cable communications) and 605 (relating to radio and satellite communications). Section 553(a)(1) provides that

> [n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1). Section 605(a) provides that

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received

3

> any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Plaintiff identifies specific methods El Imperio might have used to access the Broadcast. *See id.* at 5, ¶ 24. However, "[p]rior to [d]iscovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast." *Id.*

Plaintiff may not recover damages under both sections and here seeks statutory damages pursuant to § 605(e)(3)(C)(i), which are more severe than those available pursuant to § 553. As noted above, El Imperio has not responded to either the complaint or plaintiff's damages election. A defendant who intercepts satellite transmissions that clearly fall within the purview of § 605 should not be able to avoid that section's more severe sanctions by merely failing to respond to a lawsuit. Therefore, in light of El Imperio's failure to respond to the allegations in plaintiff's complaint and plaintiff's election to seek damages pursuant to § 605, the Court finds that defendants have violated § 605 by interception of a satellite signal.[3] *See id.* ¶ 24

---

[3]Because the Court concludes that it is deemed admitted that El Imperio violated § 605(a) by intercepting the satellite transmission, the Court need not resolve the issue identified by plaintiff of whether interception after a "satellite transmission reaches a cable system's wire distribution phase" can support liability under both § 553 and § 605. *TKR Cable Co. v. Cable City Corp., et al.*, 267 F.3d 196, 207 (3d Cir. 2001) (concluding that it cannot); *but see International Cablevision Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996) (concluding that § 605 can apply to the "interception of cable television"); *cf. J & J Sports Productions, Inc. v. Twiss*, No. 11-cv-01559-WJM-KLM, 2012 WL 1059990, at *5 (D. Colo. March 2, 2012) ("The Court is thus satisfied that awarding damages to Plaintiff pursuant to Section 605(a) (as requested, and not in addition to damages pursuant to Section 553) is permissible, because Plaintiff describes means of illegal interception available to Defendant Twiss that would implicate Section 605(a) under

4

("Upon information and belief, Defendants . . . used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.").

Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Furthermore, enhanced damages are available "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). In such case, "the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." *Id.*

Plaintiff characterizes, and the Court agrees, that the alleged conduct in this case constitutes one violation of § 605(a). Plaintiff seeks the maximum $10,000 in statutory damages for that violation. In assessing the appropriate amount in this case, the Court believes it reasonable to consider the licensing fee that El Imperio would have paid based on the potential occupancy of the space as well as the cover charge El Imperio charged to the patrons actually in attendance. *See J & J Sports Productions, Inc. v. Twiss*, No. 11-cv-01559-WJM-KLM, 2012 WL 1059990, at *5 (D. Colo. March 2, 2012) (Mag. J. Recomm.), *accepted by* 2012 WL 1060047 (D. Colo. March 29, 2012);

---

either *Sykes* or *TKR Cable Co.*"), *recommendation of magistrate judge accepted by* 2012 WL 1060047 (D. Colo. March 29, 2012).

5

*see also Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) (Mag. J. Recomm.), *accepted by* 2008 WL 583817 (D. Colo. Feb. 28, 2008).   The former constitutes a measure of harm to plaintiff while the latter addresses financial gain by El Imperio.   Here, plaintiff informs the Court that, based upon El Imperio's fire code occupancy of 608, El Imperio would have been required to pay $12,360.00 to acquire the right to broadcast the fight.   On that basis alone the Court finds that a $10,000 statutory damages award would be justified.   Plaintiff further provides evidence that approximately 90 patrons were in attendance for the fight and were required to pay a $10 cover charge for admission.   *See* Docket No. 14-1 at 22-23. The Court will, therefore, award plaintiff $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff also requests $50,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).   Plaintiff identifies reasons to believe that the violations were "committed willfully and for purposes of direct or indirect commercial advantage."   47 U.S.C. § 605(e)(3)(C)(ii).   El Imperio, by failing to participate in this case, admit that its conduct meets the requirements of § 605(e)(3)(C)(ii).   In determining the appropriate amount to award, courts have considered the following factors: "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; defendant's charging a cover charge or charging premiums for food and drinks." *Gutierrez*, 544 F. Supp. 2d at 1185 (citation omitted).   Here, plaintiffs present evidence that El Imperio charged a $10 cover charge for admission.   *See* Docket No. 14-1 at 22.

Moreover, there is an indication that El Imperio sold alcohol during the event.  *See id.* at 23 (noting that the facility had a bar).  The failure to pay the licensing fee constitutes significant financial harm to plaintiff, particularly considering the large size of the establishment.  Under such circumstances, and upon review of other cases in this and other districts, *see, e.g.*, *Gutierrez*, 544 F. Supp. 2d at 1185 (awarding $15,000 in enhanced damages where 24 patrons viewed the event without paying a cover charge in an establishment with an estimated capacity of 80 people); *Twiss*, 2012 WL 1059990, at *5 (awarding $35,000 in enhanced damages where approximately 90 patrons paid a $5 cover charge for admission to an establishment with a capacity between 201 and 300 people), the Court finds that $50,000 is a reasonable amount of damages for a willful violation where 90 individuals paid a $10 cover charge to enter a facility with an occupancy of 608 people.

Plaintiff is also entitled to its reasonable attorney's fees and costs pursuant to Section 605(e)(3)(B)(iii).  Plaintiff has documented the basis for its request of attorney's fees and costs amounting to $2,724.50, and the Court finds that the requested amount is reasonable.

Pursuant to Rule 54(b), the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."   In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  Plaintiff fails to establish that it will be prejudiced by any delay in entry of judgment as to one but

7

not both defendants.  Plaintiff informs the Court that the bankruptcy stay has now been lifted and that it will be seeking entry of default against Sixta Valdovines.  *See* Docket No. 24.  Upon plaintiff proceeding against Sixta Valdovines, the Court can enter judgment as to both defendants, thus assuring compliance with the "policy of preventing piecemeal appeals."  *Stockman's Water*, 425 F.3d at 1265.  The Court, therefore, will not order that final judgment enter as to defendant El Imperio pursuant to Fed. R. Civ. P. 54(b).

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 14] is GRANTED as to defendant El Imperio and DENIED without prejudice as to defendant Sixta Valdovines.  It is further

**ORDERED** that, upon entry of final judgment in this case, judgment shall enter in favor of plaintiff and against defendant El Imperio in the amount of $62,724.50 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), (e)(3)(C)(ii) & (e)(3)(B)(iii).

DATED August 28, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge